**SO ORDERED.**

**SIGNED this 07 day of March, 2008.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                  CASE NO.

**SHERRY DAPHNE PEARSON**                           07-00478-5-ATS

      **DEBTOR**

### ORDER REGARDING OBJECTION TO CONFIRMATION

The matter before the court is the objection filed by CitiFinancial Auto Corporation to confirmation of the debtor's chapter 13 plan. A hearing took place in Raleigh, North Carolina on October 2, 2007.

The debtor, Sherry Daphne Pearson, filed a petition for relief under chapter 13 of the Bankruptcy Code on March 8, 2007. In 2005, Citifinancial financed the purchase of a 2003 GMC Yukon XL-V for the debtor's now-estranged husband, Joseph Pearson, with the debtor as cosigner. The debtor's proposed chapter 13 plan "crams down" CitiFinancial's claim from $24,608 to $19,500, the value of the collateral as stated in the plan. CitiFinancial objects to this treatment, contending that the "hanging paragraph" following § 1325(a)(9) of the Bankruptcy Code protects the creditor's claim from modification in the debtor's plan. CitiFinancial argues that the debtor must pay the claim in full because the elements of the hanging paragraph are met: CitiFinancial has a purchase money security interest, the debt was incurred less than 910 days before the petition filing

date, and the vehicle was purchased for the personal use of the debtor. The debtor contends, however, that the hanging paragraph does not apply because the vehicle was acquired for her husband's use, not the debtor's personal use, and because the loan finances gap insurance, resulting in a non-purchase money security interest. Because the debtor was unable to attend the hearing, the parties agreed to submit evidence related to the personal use issue at a later date.

Since the hearing, the parties filed a stipulation as to what the debtor's testimony would be if she gave testimony in open court.[1] According to the stipulation, the debtor only cosigned the vehicle loan in 2005 so that her husband could purchase the vehicle for his use. However, shortly after the couple separated in 2006, Mr. Pearson stopped making payments to CitiFinancial. Concerned about her credit status, the debtor took possession of the vehicle and began making the payments. At the time of filing her petition, the 2003 Yukon was the debtor's sole vehicle.

Section 1325 of the Bankruptcy Code provides that § 506 (which would allow the debtor to cram down CitiFinancial's claim) shall not apply to a claim "if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor." 11 U.S.C. § 1325(a). It is undisputed that the vehicle was purchased within the 910-day period preceding the filing of the debtor's petition. At issue is whether the vehicle was purchased for the personal use of the debtor and whether the financing of gap insurance in addition to the purchase price of the vehicle removes the "purchase money" status from the security interest.

---

[1] Neither party stipulates as to the truth of the factual allegations in the stipulation.

The court turns first to the issue of "personal use of the debtor." While it appears that the vehicle was acquired for personal as opposed to business use, the question is whether the vehicle was acquired for the use of the debtor, or solely for her husband, who did not join in the debtor's petition. CitiFinancial contends that the court should consider the usage of the vehicle as of the petition date, rather than the purchase date. However, "virtually all of the decisions reviewing the 'hanging paragraph' . . . conclude that . . . [the court] must determine usage as of the date of acquisition of the motor vehicle and not usage as of the date of the debtor's bankruptcy petition." In re Phillips, 362 B.R. 284, 303 (Bankr. D. Va. 2007) (citing In re Hill, 352 B.R. 69, 72 (Bankr. D. La. 2006)), see also In re Solis, 356 B.R. 398, 408-09 (Bankr. D. Tex. 2006). The facts alleged in the stipulation indicate that the vehicle was primarily driven by Mr. Pearson upon its acquisition in October 2005, until November 2006, when Mr. Pearson wanted to relinquish himself of the responsibility of making the payments. At that time the debtor took possession of the vehicle and was using it exclusively when she filed her bankruptcy petition in early 2007, but the use as of the petition date is irrelevant to whether the hanging paragraph applies.

This court recently addressed the meaning of "personal use of the debtor" in In re O'Blenes, Case No. 07-0284-5-ATS (Bankr. E.D.N.C. March 7, 2008). In that case, the vehicle in question was purchased exclusively for the use of the debtor's minor daughter, not the debtor. The court concluded that "personal use of the debtor" meant use for a non-business purpose by the debtor, not a family member of the debtor. Based on the reasoning in the O'Blenes opinion, the court finds that Ms. Pearson did not acquire the vehicle for her personal use, but rather, the vehicle was acquired for her husband's use. Consequently, the hanging paragraph of § 1325(a) does not apply to prevent modification of CitiFinancial's claim. Because the "personal use of the debtor" element is not met,

the court need not address the impact of financing gap insurance on the purchase money status of CitiFinancial's security interest.

Accordingly, the hanging paragraph does not apply to CitiFinancial's claim, and the objection to confirmation is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**